■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME C. (ANONYMOUS), Appellant.— Appeal from a judgment of the County Court, Nassau County, rendered July 1, 1968, which adjudged appellant a youthful offender, after a nonjury trial to which he had consented, and imposed sentence. Judgment reversed, on the law, and case remitted to the County Court, Nassau County, for a new trial before a jury. The findings of fact are affirmed. With respect to appellant's prime claim of error, we hold that the statutory requirement of consent to a trial without a jury for eligibility for youthful offender treatment (Code Crim. Pro., § 913-g, subd. 3; § 913-h) is unconstitutional (People v. Michael A. C. [Anonymous], 32 A D 2d 554). With respect to appellant's additional claim of error, we hold that a "pre-indictment" lineup procedure constitutes a critical stage of the criminal prosecution, at which the defendant is ordinarily entitled to the aid of counsel (United States v. Wade, 388 U. S. 218, 231–234; Stovall v. Denno, 388 U. S. 293, 298; Gilbert v. California, 388 U. S. 263, 272–274). However, where, as at bar, the testimony concerning lineup identification was surplusage, in light of the clear and convincing in-court identification of appellant, the error may be disregarded under section 542 of the Code of Criminal Procedure (People v. Baskerville, 32 A D 2d 555). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH B. (ANONYMOUS), Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 13, 1968, which adjudicated him to be a youthful offender and sentenced him to a three-year period of probation. Judgment reversed, on the law and the facts, and information dismissed. In our view, the seizure of certain shirts and pairs of socks from appellant's bedroom was illegal. These items were unexpectedly found by the searching officer in appellant's bedroom, where the officer was conducting a search pursuant to a search warrant in connection with another crime. It is clear that the warrant could not form the basis for the seizure of the shirts and socks in question, since the warrant did not designate these items and the items were not contraband (People v. Baker, 23 N Y 2d 307). In any event, the searching officer did not seize these items on his first visit to the house, but returned to headquarters to check them against a teletype alarm and then sent a brother officer to seize them. The People did not demonstrate that the second search, resulting in the seizure, was consented to (cf. Bumper v. North Carolina, 391 U. S. 543). On this record the judgment must be reversed and the information dismissed. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.